UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJERRY POWELL,

     Plaintiff,

v.

FLINT POLICE DEPARTMENT, et al.,

     Defendants.

Case No. 26-cv-11461

Honorable Robert J. White

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

DeJerry Powell commenced what appears to be a 42 U.S.C. § 1983 action against, among others, the City of Flint Police Department and the Genesee County Sheriff's Department.  Before the Court is his *pro se* application to proceed *in forma pauperis*. (ECF No. 4).  For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune
from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Powell's section 1983 claims against the City of Flint Police Department and the Genesee County Sheriff's Department fail as a matter of law.  Under Michigan law, municipal police or sheriff's departments are agencies of the municipality – they are not separate legal entities that are capable of being sued under section 1983. *Boykin v. Van Buren Township*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Glynn v. Marquette City Police Dep't*, No. 24-1486, 2025 U.S. App. LEXIS 7060, at *4 (6th Cir. Mar. 24, 2025); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that "the Sheriff's Department is not a legal entity subject to suit").

2

The allegations against the remaining defendants – Hurley Medical Center Hospital and North Saginaw Urgent Care – cannot either proceed.  This is because the Court cannot discern any of the legal claims that are asserted against these entities.   Because these allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the Court is without jurisdiction to entertain them. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).  Accordingly,

IT IS ORDERED that Powell's application for leave to proceed *in forma pauperis* (ECF No. 4) is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that the claims asserted against the City of Flint Police Department and the Genesee County Sheriff's Department are dismissed with prejudice.

IT IS FURTHER ORDERED that the remaining claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Powell may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that Powell's motion to seal (ECF No. 2) is denied as moot.

Dated: May 14, 2026                          s/ Robert J. White
                                             Robert J. White
                                             United States District Judge